## TAYLOR *v.* THOMPSON.

In a suit against the maker of a promissory note, originally secured by mortgage of real estate, by an indorsee who has been compelled to purchase the note to protect a mortgage taken by him upon the same premises from a subsequent owner without notice of the prior mortgage, it is no defence that an action for breach of covenant, by reason of the prior mortgage, has been commenced by the plaintiff against his mortgagor and settled by taking a worthless note.

ASSUMPSIT, to recover the amount of the defendant's promissory note. A referee found for the plaintiff, subject to the opinion of the court, upon the following facts: June 5, 1870, James R. Thurston hired $350 of the plaintiff, giving as security a mortgage of his homestead with the usual covenants of warranty. The homestead was then in fact subject to a prior mortgage, given by this defendant to Elias Towle to secure the note now in suit. The plaintiff, afterwards learning of the Towle mortgage, took it up to prevent its foreclosure, Towle assigning the mortgage and indorsing the note to the plaintiff without recourse. Soon after the plaintiff

called on Thurston in regard to it, who said he knew nothing of it, and refused to pay it or do anything about it. Thurston being unable to redeem the premises, and not having paid any part of the $350 loan, gave the plaintiff a quitclaim deed of the premises. Some years after this the plaintiff brought an action against Thurston for breach of covenant, by reason of the Towle mortgage, which was entered and afterwards settled by the giving of a worthless note by Thurston to the plaintiff, and at the October term, 1879, the action was entered "neither party." The Towle note and mortgage were not surrendered by the plaintiff, nor embraced in the settlement. This action is brought to recover the amount. due on the Towle mortgage note. The court ordered judgment on the report for the plaintiff, and the defendant excepted.

*J. H. Hobbs*, for the defendant.

*S. Q. Dearborn, L. D. Sawyer*, and *S. D. Quarles*, for the plaintiff.

CLARK, J.   It is contended that the plaintiff, by bringing an action of covenant broken against Thurston, based on the incumbrance of the Towle mortgage, and settling it by taking Thurston's worthless note, on which he has received nothing, is barred from maintaining this action. It is a sufficient answer to this claim, that the note in suit was not included in the settlement of that action, and there is no suggestion either that the note has ever been paid by the defendant, or by any one for him, or that the defendant ought not to pay it, or that the plaintiff is not a *bona fide* holder of it.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.